T. Y. ROGERS et al., Appellants,

v.

The CITY OF TUSCALOOSA and the State of Alabama, Appellees.

No. 21700.

United States Court of Appeals Fifth Circuit.

Nov. 18, 1965.

Oscar W. Adams, Jr., Demetrius C. Newton, Birmingham, Ala., Jack Greenberg, Charles H. Jones, Jr., New York City, for appellants, Anthony G. Amsterdam, Washington, D. C., of counsel.

J. Wagner Fennell, City Atty., Tuscaloosa, Ala., for appellees.

Before TUTTLE, Chief Judge, and RIVES and GEWIN, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal by Negro defendants in State court prosecutions from an order of the United States District Court ordering a remand to the State court for trial after a petition for removal, under Section 1443, 28 U.S.C.A., had effected a removal to the Federal court. The trial court's order, here appealed from, was entered before this Court's decisions in Rachel v. State of Georgia, 5 Cir., (1965), 342 F.2d 336, and Peacock v. City of Greenwood, 5 Cir., (1965), 347 F.2d 679, and Cox v. State of Louisiana, 5 Cir., (1965), 348 F.2d 750.

■ The grounds for removal asserted by the appellants here, which stand as true on the record before us, after alleging specific arrests of the many persons involved following asserted efforts to carry on demonstrations and protests activities, include the following:

"Petitioners' arrests, as described in paragraphs 1 to 6, supra, have been and are being carried on with the sole purpose and effect of intimidating petitioners and of punishing them for, and deterring them from exercising their constitutionally protected rights of free speech, and assembly to protest the conditions of racial discrimination which the State of Alabama now maintains by statute, ordinance, regulation, custom, usage and practice, and to urge Negroes, the victims of this discrimination, to participate in the active social and economic life of the community. But, the championing of an unpopular cause has brought a total and complete commitment by respondents to a systematic and sustained retaliation. This is evidenced not only by the conduct of police officers, but by the frequent, arbitrary, and unconstitutional use of criminal processes to stifle the exercise of rights of petitioners."

Under the principles which were announced by this Court in the cases of Rachel v. State of Georgia, Peacock v. City of Greenwood and Cox v. State of Louisiana, all supra, these allegations, if established over the State's motion to remand, clearly satisfy the requirements of Section 1443(1) for removal of the cases to the Federal court for trial.

Appellants also make a strong plea here for a holding that the prosecution in the State courts was a prosecution * * * "For an(y) act under color of authority derived from a(ny) law providing for equal rights * * *" and that this provided a separate ground for removal under the second numbered paragraph of Section 1443. We need not reach this question here, because it appears on this record that if the trial court finds that these prosecutions are in reality prosecutions of the appellants for acts done in exercise of their federally protected constitutional rights, then this same finding will ipso facto establish appellants' right to removal to the Federal court under Section (1) as this Court has construed it.

The appellants also contend that their right to removal carries with it the right to have the Federal court ascertain and fix a proper amount of bail and that in fixing such bail the Court should take

into consideration the deterrent effect of alleged excessive bond on their right to exercise their constitutional First and Fourteenth Amendments protected privileges. Upon remand this matter will, of course, be open for the trial court to consider.

 In light of the decisions of this Court it is not correct that the grounds for removal under Section 1443(1) are limited to those which "arise out of the denial of such right by the constitution or law of the state wherein the action is pending." As we have done in several cases recently in which the trial court acted without the guidance of this Court's decision in Rachel, Peacock and Cox, the judgment of the trial court ordering the remand is reversed and the case is remanded for further consideration by the trial court in light of the foregoing decisions and opinions of this Court.